UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

           2:12-cr-20801

    Plaintiff,           Hon.  GERSHWIN A. DRAIN

v.

STANTON MYLO HALES,

    Defendant.

---

**ORDER DENYING DEFENDANT'S MOTION FOR BOND [#25], [#29]**

### I.  Introduction & Factual Background

On August 9, 2012, Stanton Mylo Hales ("Hales") fled from Flint Area Narcotics Group ("FANG") and Drug Enforcement Agency ("DEA") agents who used a confidential informant to stage a sale of cocaine in which Hales would sell to the informant.  After a chase through the neighborhood of the sale, FANG and DEA agents apprehended Hales.  The agents who chased Hales noticed he tried to swallow the contents of one of the baggies in his possession.  The DEA agent who apprehended Hales noticed a white powder on his mouth and forced Hales to spit out the substance.  One of Hales' baggies contained cocaine and the other contained a cocaine base.  Hales was booked and released on state charges pending further investigation.

Hales was indicted for possessing with intent to distribute cocaine on December 6, 2012.  Officers attempted to locate him at an address he provided to them that was his mother's residence.  Hales was not present when the police arrived.  The police were unable to locate him until May 2, 2013.  On that day, police stopped a car in which he was riding.  Hales gave them a

false name, but they discovered his identity. The officers arrested him on the indictment warrant. After a May 3, 2013 hearing, Magistrate Judge Michael Hluchaniuk issued an order detaining Hales pending his trial. *See* Dkt. # 8. On November 7, 2013, Hales filed a motion for reconsideration of Judge Hluchaniuk's order.[1] Thereafter, Hales submitted a "Motion/Letter" which includes further argument in support of his request for bond. *See* Dkt. No. 29. The time for seeking reconsideration of Magistrate Judge Hluchaniuk's May 3, 2013 Order has passed. So, the Court will treat Hales' motion as a Motion for Revocation or Amendment of a Detention Order. *See* 18 U.S.C. § 3145(b) (2012). A hearing was held on March 17, 2014.

## II. Law & Analysis
### A. Standard of Review

Under the Bail Reform Act, 18 U.S.C. § 3142, a judicial officer can order the detention of a criminal defendant if he or she "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]" 18 U.S.C.§ 3142(e) (2012). Clear and convincing evidence must support the judicial officer's finding dangerousness. 18 U.S.C.§ 3142(f)(2)(b). The "default position of the law, therefore, is that a defendant should be released pending trial." *United States. v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010).

For particularly dangerous defendants, however, there is a modified default position of law. *Id*. If the officer finds probable cause to believe that the defendant has committed a crime listed in section 3142(e)(3), a presumption in favor of detention arises. A grand jury indictment is sufficient to establish probable cause that the defendant has committed the crime with which he is charged. *United States v. Hazime*, 762 F.2d 34, 37 (6th Cir 1985). The presumption in section 3142(e)(3) places the burden of production on the defendant, but the government still has

---

[1] In lieu of a reply briefing, Hales submitted a letter to address prior convictions and classification as a career offender. See Dkt. #29.

the burden of persuasion. *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001). If the defendant can produce evidence that he is not a danger to the community and does not pose a flight risk, he will have met his burden of production. *Id*. The burden, although it is not heavy, requires the defendant to come forward with some evidence contrary to the presumed facts to rebut the presumption. *Stone*, 608 F.3d at 945; *see also United States v. Stricklin*, 932 F.2d 1353, 1355 (10th Cir. 1991); *United States v. Rodriguez*, 950 F.2d 85, 88 (2d Cir. 1991).

The presumption remains even if the defendant meets the burden of production. *Mercedes*, 254 F.3d at 436. The presumption is still a factor the district court weighs in making its decision. *Id*. Rather than being an evidentiary tool for the court, the presumption is a reflection of "Congress' judgment that particular classes of offenders should ordinarily be detained prior to trial." *See United States v. Jessup*, 757 F.2d 378, 384 (1st Cir. 1985), *abrogated on other grounds by United States v. O'Brien*, 895 F.2d 810 (1st Cir. 1990). The defendant must show the court his case has special features that remove it from the "congressional paradigm" in section 3142(e)(3). *Jessup*, 757 F.2d at 387.

Notwithstanding the presumption, the government has the burden of proving that no conditions of release will assure that the defendant will appear and assure the safety of the community. 18 U.S.C. § 3142(g). The court must consider the following factors when determining whether the government has met its burden:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person, including--
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

>    (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. In considering the conditions of release described in subsection (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon the motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required.

§ 3142(g).

### B. Defendant's Motion

Hales' Motion contains a long list of actions he has taken in support of revocation of the Detention Order. Def.'s Mot at 2-3. Among them are that Hales' convictions are for non-violent crimes; he has regularly attended Narcotics Anonymous ("NA") and Alcoholics Anonymous ("AA"); he has secured employment, and is going to be a caretaker for his elderly mother and sister with a chronic illness. *Id*. at 2. Further, Hales argues he is not a flight risk. *Id*. at 3. Although he fled from police and attempted to dispose of cocaine while fleeing, he claims he did so because he feared the men approaching him were going to rob him. *Id*.

Hales was indicted, which is sufficient to establish probable cause he committed the crime with which he is charged. Additionally, the government counters Hales' assertion he fled from fear of robbers by arguing the men who approached Hales were officers "wearing clothing prominently marked 'POLICE'…" Pl.'s Resp. at 5. Hales fled the vehicle in which he was traveling leaving behind over $4,000.00 and attempted to swallow the cocaine while fleeing. The government has also highlighted actions that raise concerns that Hales will not appear unless detained such as giving police a false name when stopped for a traffic violation, providing police the wrong address when booked on the current cocaine charge, and evading authorities from

4

December of 2012 to May of 2013. None of these behaviors are consistent for someone who claims to be a caregiver for two relatives. Hales claims to have obtained employment, Def.'s Mot. at 2, but still sees the need to engage in the drug trade.

One of Congress' concerns when it enacted the Bail Reform Act was flight of certain defendants. *See Jessup*, 757 F.2d at 387. The instant Motion requires Hales to come forward evidence that would remove him from the class of defendants Congress determined ought to remain detained until trial. After a review of his Motion and consideration of the parties' arguments, the Court is not convinced Hales has come forward with evidence that overcomes the presumption. Hales was indicted, and exhibits behaviors that show the Court he poses a flight risk.

On the other hand, the Government has come forward with evidence that addresses the factors the court must consider under section 3142(g). The crime involves a controlled substance. Hales accepted the buy money and attempted to swallow the cocaine in his possession when the police apprehended him. Therefore, the evidence against him is quite substantial. His criminal history is troubling as well. Two of his prior convictions were for delivery of cocaine. While he was on probation for these offenses, he was also convicted of fleeing and eluding. *See* Pl.'s Resp. at 3. These two drug felonies make Hales a "career offender" under the sentencing guidelines. *See* USSG 4B1.1.

Even if the Court found Hales had overcome the presumption, it would still be a factor in the Court's decision making process. Hales' history of involvement in the drug trade and elusive behaviors lead the Court to conclude that detention is proper and consistent with Congress' intention when it passed the Bail Reform Act.

### III.     Conclusion

For the reasons stated above, Hales's Motion for Bond [#25] is DENIED. Hales's "Letter/Motion" is also DENIED.

SO ORDERED.

Dated:   March 18, 2014

/s/Gershwin A Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE