UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

                                  Case No. 12-20801

                                  Honorable Gershwin A. Drain

v.

STANTON MYLO HALES,

    Defendant.

_____/

**ORDER DENYING DEFENDANT'S MOTION FOR DISCLOSURE OF INFORMANT'S IDENTITY PRIOR TO TRIAL [#41], DENYING MOTION FOR AN ORDER FOR SUPPLEMENTAL DISCOVERY [#42], DENYING MOTION TO SUPPRESS [#43] AND FINDING DEFENDANT'S MOTION FOR AN ORDER FOR A WITNESS LIST [#44] MOOT AND MOTION FOR AN ORDER FOR GOVERNMENT AGENTS TO RETAIN ROUGH NOTES [#45] MOOT**

### I.   Introduction

Defendant Stanton Mylo Hales ("Hales") was indicted for possession with intent to deliver cocaine on December 6, 2012. Presently before the Court is a series of motions he filed on April 21, 2014. Hales filed a Motion for Disclosure of Informant's Identity Prior to Trial, Motion for an Order for Supplemental Discovery, Motion to Suppress, Motion for an Order for Witness List, and a Motion for Order for Government Agents to Retain Rough Notes. Hales has also filed a request for *Brady* Disclosure, request for Notice of 404(b) Evidence, and requests and Notices in Compliance with the Standing Order in this case. The Court heard oral argument on Defendant's Motions on June 5, 2014. For the reasons that follow, the Court will DENY Defendant's Motion for Disclosure of Informant's Identity Prior to Trial, Motion for an Order for Supplemental Discovery, and Motion to Suppress. The Court finds Defendant's Motion for an

Order for Witness List and Motion for Order for Government Agents to Retain Rough Notes MOOT.

## II.    Factual Background

On August 9, 2012, Hales fled from the Flint Area Narcotics Group ("FANG") officers who used a confidential informant ("CI") to stage a sale of cocaine.  The CI contacted a FANG officer and told him the time and place where Defendant would sell him two grams of cocaine.  The officers set up surveillance in the area.  The officers observed Defendant and the CI.  Via cellular phone, the CI gave officers the signal that Defendant possessed cocaine.  After a chase through the neighborhood of the sale, FANG agents apprehended Hales.  The officer who chased Hales noticed he tried to swallow the contents of one of the baggies in his possession.  The officer who apprehended Hales noticed a white powder on his mouth and forced Hales to spit out the substance.  One of Hales' baggies contained almost two grams of cocaine and the other contained a cocaine base.  Hales was booked on state charges, and released pending further investigation.

## III.    Law and Analysis

### A.  Motion for Disclosure of Informant's Identity and Whereabouts Before Trial

Generally, the identity of the government's informant is privileged.  *Roviaro v. United States*, 353 U.S. 53, 59 (1957).  The privilege protects the public's interest in effective law enforcement, but the privilege is limited.  *Id*. at 59-60.  Where disclosure of communication will not reveal the informant's identity, the privilege does not apply.  *Id*. at 58.  "Fundamental fairness" also limits the privilege in situations in which the identity of the informant is relevant or helpful to a defense of the accused.  *Id*. at 60.  However, there is no fixed rule on when disclosure is appropriate.  *United States v. Moore*, 954 F.2d 379, 381 (6th Cir. 1992).  Courts

must balance the competing interests of the free flow of information with a defendant's right to prepare a defense. *Id.*; *see Roviaro*, 353 U.S. at 62. The defendant must bear the burden of showing the informant's identity is relevant and helpful to his defense. *United States v. Stone*, No. 10-20123, 2012 WL 113486 at *5 (E.D. Mich. Jan. 13, 2012).

Hales argues that the identity of the CI is important because the CI arranged the buy that led to Defendant's arrest. *See United States v. Lloyd*, 400 F.2d 414, 416 (6th Cir. 1986) (holding informant who set up a narcotics transaction is a key witness). Hales does not assert any defenses he plans to raise at trial or at the suppression hearing. Instead, he claims the CI has information essential to rebut the government's claim that he had intent to distribute cocaine. Hales claims that the police were mere observers of the buy, and the CI can offer testimony that will either bolster or undermine the testimony of the government's witnesses. Hales argues the CI's identity should be revealed under *Lloyd* because the CI set up the buy and is a material witness. The Court finds *Lloyd* distinguishable because the informant in that case had information that supported the defendant's contention she was acting as an agent for someone else. *See Lloyd*, F.3d at 416. There is no such claim in this case.

The government's incident report contains information that the CI gave to police about the buy. *See* Pl.'s Resp. Ex. A. At oral argument, the officer who spoke to the CI confirmed that the CI had been working with FANG for eight years and had been a reliable source. The government gave this to Hales' counsel. It names the officers with whom the CI spoke and lists the details of the buy. Given the availability of this information and the government's privilege, Hales' Motion for Disclosure of Informant's Identity Before Trial [#41] is DENIED.

### B. Motion for Supplemental Discovery

3

In his Motion for Supplemental Discovery, Hales initially sought telephone records of the CI and the police officer whom he was in contact with regarding the buy on August 9, 2012. *See* Def.'s Mot at 2. Hales moved for this information under Rule 57(b) of the Federal Rules, which allows the district court judge to "regulate practice in any manner consistent with federal law[.]" *See* Fed. R. Crim. P. 57(b). Hales is asking the court to use its discretionary power to grant this motion. Rule 16(a)(1)(E) of the Federal Rules of Criminal Procedure, however, requires the government to permit the defendant to inspect and copy, among many things, records and data in its possession if the items are in the government's possession and control. *See United States v. Sarras*, 575 F.3d 1191, 1214-15 (6th Cir. 2009) (holding the government must allow defendant to inspect items in its possession or control).

In its Response, the government states it does not have such records in its possession. Moreover, the government has no obligation to seek out information from third parties. *See United States v. Hach*, 162 F.3d 937, 947 (7th Cir. 1998) (stating defendant's failure to show the government is in possession of certain records is fatal to the defendant's claim to the records).

In his Reply, Hales appears to be seeking only the informant's telephone number. This request appears to seek the same information sought by Hales in his Motion to Disclose the Informant's identity. The incident report for Hales' arrest contains information that will help Hales prepare his case. Pl.'s Resp. Ex A. The report states the date, time and subject matter of the CI's call as well as the name of the officer with whom he spoke. *Id*. at 1. The Court will DENY Hales Motion for Supplemental Discovery [#42].

### C. Hales' Motion to Suppress

Hales' argues his arrest was without probable cause. Arrests without probable cause are in violation of the Fourth Amendment, and evidence obtained from these unlawful arrests must

be suppressed. *Wong Sun v. United States*, 371 U.S. 471 (1963).  Probable cause is present for an arrest when the officer possesses, at the time of the arrest, a sufficient amount of evidence that would cause a reasonable person to believe the arrestee has committed or is committing a crime. *U.S. v. Harness*, 453 F.3d, 752, 754 (6th Cir. 2006)   Eyewitness identification is sufficient for probable cause, "unless, at the time of the arrest, there is an apparent reason for the officer to believe that the eyewitness was lying, did not accurately describe what he had seen, or was in some fashion mistaken regarding his recollection of the confrontation." *Id.*  (quoting *Ahlers v. Schebil*, 188 F.3d 365, 370 (6th Cir.1999)).

     In this matter, the CI communicated with officers that he had set up a buy in which a man later identified as Hales would sell him crack cocaine.  The CI's description of the vehicle the Hales would use and where it would be located for the buy were accurate.  After observing the cocaine, the CI called the officers to inform them Hales possessed cocaine.  This call and the information gathered in surveillance gave the officers reasonable suspicion to approach Hales and conduct an investigatory stop.  *See U.S. v. Dotson*, 49 F.3d 227, 230 (6th Cir. 1995) (citing *Terry v. Ohio*, 392 U.S. 1 (1968)).  When the police identified themselves, Hales fled and the arresting officer found the crack cocaine in his mouth.  Hales' flight was sufficient to elevate the officers' reasonable suspicion for the investigatory stop into probable cause to arrest.  *Dotson*, 49 F.3d at 231; *see United States v. Sharpe*, 470 U.S. 675, 705 (1985) (stating "where police officers reasonably suspect that an individual may be engaged in criminal activity, and the individual deliberately takes flight when the officers attempt to stop and question him, the officers generally no longer have mere reasonable suspicion, but probable cause to arrest").  Hales, in spite of the CI's accuracy, argues the CI is not reliable because he may have had an arrangement with or not been truthful to law enforcement.  At oral argument, the government

introduced evidence that the CI has been reliable during his eight years of working with FANG officers. Moreover, even if the government did not adduce this information at the evidentiary hearing, the CI appears to be a credible eyewitness and was not lying or mistaken at the time of the arrest. The CI's accuracy, as well as Hales' flight are sufficient to establish probable cause for his arrest. The Court will DENY Hales' Motion to Suppress [#43].

### D. Hales' Motion for a Witness List

Hales moves for a witness list in order to prepare for trial. No specific rule under the Federal Rules of Criminal Procedure or common law rule entitles defendants to a list of the government's potential witnesses. *United States v. Davis*, 306 F.3d 398, 420 (6th Cir. 2002); *see also United States v. Perkins,* F.2d 1184, 1190 (6th Cir. 1993). Hales moves for a witness list under Rule 57(b) of the Federal Rules. Hales again asks the Court to use its discretion to allow it to seek information that the government argues it has already shared. The government has given Hales a list of "discovery materials that identifies every witness the government intends to call at trial, as well as his or her expected testimony." Pl.'s Resp. at 9. At oral argument, the Government stated it will inform Hales if it decides to call witnesses not listed in its discovery materials. Given this concession, the Court considers Hales' Motion for a Witness List [#44] MOOT insofar as it relates to additional witnesses.

### E. Motion for Government Agents to Retain Rough Notes

Hales filed a Motion for Government Agents to Retain Rough Notes [#45]. The government does not oppose this Motion. Therefore, the Court considers Defendant's Motion for Government Agents to Retain Rough Notes [#45] MOOT.

### IV. Conclusion

For the reasons mentioned above, the Court DENIES Hales' Motion for Disclosure of Informant's Identity [#41], DENIES Motion for an Order for Supplemental Discovery [#42], and DENIES Motion to Suppress Evidence [#43]. The Court finds Hales' Motion for a Witness List [#44] MOOT and Motion for an Order for Government Agents to Retain Rough Notes [#45] also MOOT.

SO ORDERED.

Dated: June 13, 2014            s/ Gershwin A. Drain
                                                    GERSHWIN A. DRAIN
                                                    UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 13, 2014June 13, 2014, by electronic and/or ordinary mail.

                               S/Julie Owens acting in the absence of Tanya Bankston
                               Case Manager